Filed 5/8/26  P. v. Allen CA3

NOT TO BE PUBLISHED

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

| | |
|---|---|
| THE PEOPLE,<br>        Plaintiff and Respondent,<br><br>v.<br><br>DOMENICK DUPRE ALLEN,<br>        Defendant and Appellant. | C102666<br><br>(Super. Ct. No. 24FE008999) |

A jury found defendant Domenick Dupre Allen guilty of false imprisonment and inflicting corporal injury resulting in a traumatic condition.  In a bifurcated proceeding, the trial court found true an allegation that defendant had a prior conviction that qualified as a strike under the "Three Strikes" law.  After denying defendant's *Romero*[1] motion to strike that prior conviction, the trial court sentenced him to 10 years in prison.

On appeal, defendant's sole contention is that the trial court erred in denying his *Romero* motion.  We affirm.

FACTUAL AND PROCEDURAL BACKGROUND

Defendant and Regina D. had an on-and-off relationship for 20 years, and they lived together in Rancho Cordova.  One night while Regina slept, defendant came home and told her to get up.  When Regina got up, defendant grabbed her arm and pushed her

[1]    *People v. Superior Court* (*Romero*) (1996) 13 Cal.4th 497 (*Romero*).

1

along. They got into Regina's car, and defendant drove them around for about an hour before stopping in downtown Sacramento. During the drive, defendant swore at Regina, told her he was going to kill her, and hit her several times in the back of the head and in the jaw. Defendant told Regina to get out of the car and, after she refused, he pushed her out. Defendant drove away, leaving Regina on the street in her pajamas and without her cell phone. She went to a nearby business and an employee called 911. As a result of defendant's assault, Regina had a one-quarter inch long cut on the inside of her lip. She did not receive any medical treatment.

After the incident and before trial, defendant called Regina several times. In the calls, defendant told Regina her actions pushed him into hitting her. Regina told defendant he wants to hit her to maintain control, which defendant denied. She told him she was unhappy in the relationship and was afraid of him. He told her she was going to get happy, there was no way out of their relationship, and she was afraid because she did "fucked up shit" that made him react. He said she had no way out of the relationship. He also told her to avoid getting served with a subpoena. They discussed other times defendant had punched her.

A jury found defendant guilty of false imprisonment, the lesser included offense of kidnapping, and inflicting corporal injury resulting in a traumatic condition. The jury found true two aggravating factors and an allegation that defendant had been previously convicted of corporal injury resulting in a traumatic condition within the last seven years. The trial court found true defendant had a prior strike conviction, a prior serious felony conviction, and two aggravating factors.

Defendant filed a *Romero* motion, asking the trial court to strike the prior strike conviction pursuant to Penal Code[2] section 1385. He argued that striking his 2018 strike

---

[2]     Further undesignated statutory references are to the Penal Code.

2

prior for robbery was appropriate because his current offenses were relatively minor and the sentence's severity was disproportionate to the current offenses.

The prosecution responded, arguing defendant's motion should be denied based on his current offenses and background, which demonstrated defendant was a habitual offender; posed a danger to society; and failed to take responsibility for his actions, instead calling the victim from jail in the current case and engaging in "manipulative, assaultive, and aggressive behavior." The prosecution summarized defendant's criminal history: Since 2010, defendant had numerous felony convictions, including pandering, attempted grand theft, pimping, failure to register as a sex offender, robbery, defrauding another by false pretenses, and two convictions for vehicle theft. The prosecutor also highlighted defendant's history of parole and probation violations, including that defendant committed the current offenses while on parole. The prosecutor further argued defendant's 2018 prior strike conviction for robbery was not remote because defendant failed to consistently comply with the law.

After considering the parties' arguments, the trial court declined to strike the prior conviction, noting *Williams*[3] provided the proper analytical framework. The trial court considered the circumstances of the current offenses, including defendant's controlling behavior and the traumatic nature of the offenses. It next discussed defendant's criminal history, finding defendant had "a pretty steady diet of" criminality spanning "a solid decade," and that his prior strike conviction for robbery was a violent felony. The trial court further found defendant had not rehabilitated or reformed during his prior prison terms, nor had he expressed remorse or taken responsibility for his actions. Instead, defendant called the victim from jail, during which he engaged in manipulative and verbally assaultive behavior and told her to avoid being subpoenaed. Noting defendant's

---

[3]     *People v. Williams* (1998) 17 Cal.4th 148 (*Williams*).

prior convictions for pimping, pandering, false imprisonment, and domestic violence, the trial court found defendant posed a danger to public safety and to women in particular, as also demonstrated by the present offense. Based on this, the trial court found defendant fell squarely within the spirit of the Three Strikes law under *Williams* and declined to strike his prior strike.

The trial court sentenced defendant for the inflicting corporal injury conviction to the upper term of five years, doubled to 10 years for the prior strike. It imposed and stayed 180 days in jail for the false imprisonment conviction.

Defendant appeals.

DISCUSSION

Defendant contends the trial court erred in denying his *Romero* motion. Specifically, he argues it was in the interest of justice to strike his prior strike conviction based on the relatively minor nature of the current offenses and the disproportionality of the sentence imposed. We disagree.

Section 1385, subdivision (a) gives the trial court authority, on its own motion or upon application of the prosecution, "and in furtherance of justice," to order an action dismissed. In *Romero*, our Supreme Court held that a trial court may utilize section 1385 to strike or dismiss a prior strike for purposes of sentencing under the Three Strikes law. (*Romero*, *supra*, 13 Cal.4th at p. 504.) A trial court's ruling denying a request to dismiss a prior strike allegation "is subject to review under the deferential abuse of discretion standard." (*People v. Carmony* (2004) 33 Cal.4th 367, 374 (*Carmony*).)

"In reviewing for abuse of discretion, we are guided by two fundamental precepts. First, ' "[t]he burden is on the party attacking the sentence to clearly show that the sentencing decision was irrational or arbitrary. [Citation.] In the absence of such a showing, the trial court is presumed to have acted to achieve legitimate sentencing objectives, and its discretionary determination to impose a particular sentence will not be set aside on review." ' [Citations.] Second, a ' "decision will not be reversed merely

4

because reasonable people might disagree. 'An appellate tribunal is neither authorized nor warranted in substituting its judgment for the judgment of the trial judge.' " ' [Citations.] Taken together, these precepts establish that a trial court does not abuse its discretion unless its decision is so irrational or arbitrary that no reasonable person could agree with it." (*Carmony*, *supra*, 33 Cal.4th at pp. 376-377.)

In *Carmony*, our Supreme Court explained: " '[T]he Three Strikes law does not offer a discretionary sentencing choice, as do other sentencing laws, but establishes a sentencing requirement to be applied in every case where the defendant has at least one qualifying strike, unless the sentencing court "conclud[es] that an exception to the scheme should be made because, for articulable reasons which can withstand scrutiny for abuse, this defendant should be treated as though he[, she, or they] actually fell outside the Three Strikes scheme." ' " (*Carmony*, *supra*, 33 Cal.4th at p. 377.) The circumstances where no reasonable people could disagree that the criminal falls outside the spirit of the Three Strikes scheme must be extraordinary. (*Id*. at p. 378.) Reversal is justified where the trial court was unaware of its discretion to dismiss a prior strike or considered impermissible factors in declining to dismiss. (*Ibid*.) But where the trial court, aware of its discretion, " 'balanced the relevant facts and reached an impartial decision in conformity with the spirit of the law, we shall affirm the trial court's ruling, even if we might have ruled differently in the first instance.' " (*Ibid*.)

In deciding whether to dismiss a prior strike allegation, a trial court "must consider whether, in light of the nature and circumstances of his[, her, or their] present felonies and prior serious and/or violent felony convictions, and the particulars of his[, her, or their] background, character, and prospects, the defendant may be deemed outside the scheme's spirit, in whole or in part, and hence should be treated as though he[, she, or they] had not previously been convicted of one or more serious and/or violent felonies." (*Williams*, *supra*, 17 Cal.4th at p. 161.)

5

We find no abuse of discretion here. The record shows the trial court considered the nature and circumstances of the current offense, finding defendant's actions controlling and traumatic. As to defendant's criminal history, the trial court found defendant had not rehabilitated or reformed during his prior prison terms and noted his prior strike conviction for robbery. The trial court also considered defendant's lack of remorse and responsibility for his actions, including calling the victim from jail to encourage her to avoid being subpoenaed in this case. It also found defendant to be a danger to public safety, particularly as to women. Based on these considerations, the trial court found defendant fell squarely within the spirit of the Three Strikes law under *Williams*. Given the high level of deference afforded to the trial court and defendant's demonstrated inability to comply with the rules of society, we conclude the court's decision was not "so irrational or arbitrary that no reasonable person could agree with it." (*Carmony*, *supra*, 33 Cal.4th at p. 377.)

DISPOSITION

The judgment is affirmed.

/s/ _____
ROBIE, J.

We concur:

/s/ _____
HULL, Acting P. J.

/s/ _____
WISEMAN, J.*

_____

* Retired Associate Justice of the Court of Appeal, Fifth Appellate District, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.

6